**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| FAN LI, | ) | |
| Petitioner, | ) | |
| v. | ) | Case No. CIV-26-01563-JD |
| CHRIS GANTT, et al., | ) | |
| Respondents. | ) | |

**ORDER**

Before the Court is Petitioner Fan Li's ("Petitioner") Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241. [Doc. No. 1]. The Court ordered Respondents to Show Cause [Doc. No. 4], and Respondents filed a Response to Order to Show Cause [Doc. No. 6]. Petitioner did not file an optional reply. *See* [Doc. No. 7] (granting Petitioner leave to reply).[1]

After this matter became ripe for disposition, Respondents filed a Notice of Final Order of Removal and Scheduled Removal. [Doc. No. 8]. Respondents represent that Petitioner is now subject to a final order of removal because an Immigration Judge ("IJ") denied Petitioner's "applications for asylum, withholding of removal under INA § 241(b)(3), and withholding of removal under the Convention Against Torture." *Id.* at 1; [Doc. No. 8-1 at 1, 3].

[1] Citations to the filings use CM/ECF designations from the top of district court filings for both page numbers and exhibit numbers.

The Court's independent review of the relevant public information system confirms this and further confirms that Petitioner did not appeal his removal order. *See* Exec. Off. for Immigr. Rev., *Automated Case Info. Sys.*, https://acis.eoir.justice.gov/en/ (last accessed Oct. 22, 2026); *Winzler v. Toyota Motor Sales U.S.A., Inc.*, 681 F.3d 1208, 1213 (10th Cir. 2012) ("The contents of an administrative agency's publicly available files . . . traditionally qualify for judicial notice . . . .").

"[P]resum[ing]" the "administrative regularity" of these procedures, the Court concludes that Petitioner is now subject to a final order of removal. *Bar MK Ranches v. Yuetter*, 994 F.2d 735, 740 (10th Cir. 1993). Therefore, this action is moot as the issues presented in the Petition are no longer live. *See* [Doc. No. 1 at 7] (asserting several threadbare claims plausibly relating only to a pre-final-order-of-removal posture).[2]

For these reasons, the Court dismisses without prejudice Petitioner's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241. [Doc. No. 1]. A separate judgment will follow.

IT IS SO ORDERED this 22nd day of October 2026.

JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE

[2] Moreover, even on a liberal construction, Petitioner makes no argument that the bond hearing was constitutionally insufficient; Petitioner says he didn't get one *at all*. [Doc. No. 1 at 7]. Respondents have shown otherwise [Doc. No. 6-5 at 1–2], and Petitioner has declined to reply with evidence to the contrary. Given this record, the Court would otherwise dismiss the Petition as threadbare and lacking substantive merit.